CHIEF JUSTICE PETERS
delivered the opinion oe the court.
This suit in equity was brought by appellant to enjoin appellee from suing out an execution on a replevin-bond executed by appellant and his surety to appellee.
It is alleged in the petition that appellee recovered a joint *363 judgment in the Clark Circuit Court against appellant and James Rainey, and that he caused an execution to issue thereon against appellant alone, directed to the sheriff of the county of Fayette, and while it was in the hands of the sheriff aforesaid appellant replevied the same; that Rainey, the other defendant against whom the judgment was recovex-ed, was living whexx said execution issued, axxd is still living; that said execution was issued without authority of law and was void; and that the act of the sheriff in taking the bond was illegal and the bond void. A demurrer to the petition was sustaixxed, and appellant declining to amend, the same was disxnissed, axxd he has appealed.
The only questions to be decided are whether the executioxx was lawfully issued; and if it was not, can the appellaxxt avail himself of the absence of legal authority for sxxing it out after replevyixxg it?
Subsec. 2 of sec. 3, art. 2, chap. 36, Revised Statxxtes, 1 Staxxton, 473, declares that “on a joint judgment or decree against several the executioxi must be joint.” It is not merely directory nor advisory; the language is imperative: where the jxxdgxxxent or decree is against several jointly, as a legal necessity the execution must be joint; it can not otherwise be lawful. Regardixxg the allegations of the petition as true, axxd they must be so considered for the purposes of the demurrer, the execution was sued oxxt agaixxst appellant aloxxe in direct violation of the statute supra, and coxxferred xxo authority on the sheriff to take the replevin-bond; nor was the judgment merged by the bond.
But it is insisted by appellee that as appellant voluntarily executed the bond, and thereby delayed him three months in the collectioxi of his debt, he should xxot be permitted to go behind the boxxd to question the validity of the executioxx. That arguxnent might be more plausible if appellee had not by his own illegal act contributed or directly caused the injury *364 of which he complains. He had a joint judgment, and it is difficult to perceive how he could be prejudiced by issuing his execution against both of the defendants, having it in his power to give to the officer such directions as to the collection of the money as would, be just to both of them, when it might have been very oppressive on appellant to compel him to arrange the whole of the debt.
One of the reasons for the enactment doubtless was that executions should correspond with the judgments on which they issued, and when satisfied no doubt could arise as to the identity of the transactions; and this case serves to illustrate the wisdom of the law. The judgment in this case is against Tanner and Rainey in the Clark Circuit Court. An execution was issued, directed to the sheriff of Fayette County, against Tanner alone. He might have paid it, and it might have been returned satisfied; and if at some future day another execution should issue on said judgment, directed to the sheriff of Clark County, against Rainey alone, who can not see that trouble might arise in obtaining proof aliunde the record which would be necessary to show that the execution issued against Tanner alone to Fayette, and paid by him, was a satisfaction of the joint judgment against both ?
In every case cited by appellee to sustain his position the execution was properly issued against all the defendants and was without legal objection, and the only irregularity was in the officer in permitting a part of the defendants to replevy the debt and not making all of them join in the bond. In that class of cases the bonds are held to be valid and the judgments merged by them, because the executions conferred authority on the officer to take them; but we have not been referred to a case where the execution was, as in this case,. illegal, and the replevin-bond taken under such an execution was held valid, and we are not aware of any such case. Indeed we can not doubt, if there had been such a case, the *365 learned and very vigilant counsel would have cited us to it. The demurrer should therefore have been overruled.
Consequently the judgment is reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings consistent herewith.