CASE 2—ACTION TO SUPPLY LOST DEED—JANUARY 8, 1898.

## Brandenburg, Etc. v. McGuire.

### (Omitted from Volume 103.)

#### APPEAL FROM OWSLEY CIRCUIT COURT.

1. LIMITATION—RAISING QUESTION BY DEMURRER.—Unless the petition show affirmatively the non-existence of the exceptions avoiding the statute of limitations a demurrer does not raise the question of limitation.

2. SAME—ACTION TO SUPPLY LOST DEED.—In analogy to actions for the recovery of realty, an action to supply a lost deed is barred in fifteen years and is not extended beyond thirty years by the continuance of disabilities.

3. SAME—WHEN THE STATUTE BEGINS TO RUN.—In such a case the statute commenced to run from the destruction of the deed, or at least so soon as the loss was discovered or might, by the exercise of reasonable diligence, have been discovered.

E. E. HOGG, FOR THE APPELLANT.

1. The lower court erred in overruling the demurrer to the petition because according to the allegations of the petition, taking them as true, the défendants were not necessary parties to the action.
2. It was further error to refuse to permit defendants to file an amended answer pleading the statute of limitations. The period of limitation is fifteen years.
3. Under the facts, the judgment is erroneous. There is no competent evidence to establish the fact that the deed was ever recorded.

HOLT & HOLT, FOR THE APPELLEE.

1. Lapse of time in equity is only permitted to bar an action upon the ground of reason and presumption that the right has been abandoned, and this presumption will never prevail against opposing facts and circumstances outweighing it. 50 N. Y., 337; 107 same, 111; 98 U. S., 486; 109 Penn. St., 177; 16 Fed. Rep., 350.
2. The deposition of E. Winn, taken in another case between the same parties litigant, and concerning the same subject matter was competent evidence in this case, it appearing that Winn was dead. 1 Greenl. on Evidence, Sec. 163-4, and notes.
3. The appellants were necessary parties to the action.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted by the appellee against the appellants in the Owsley circuit court, under section 10, c. 72, p. 912, Gen. Stat., to supply a lost deed claimed to have been recorded in the Owsley county clerk's office in the year 1862, and to have been destroyed. The appellants denied the execution of the deed and its destruction. Upon final hearing, the court rendered judgment directing the defendants to convey the land in question, and, upon their failure to do so, adjudged that the master commis-

sioner should make the conveyance, and from that judg-ment this appeal is prosecuted.

It is insisted first by the appellants that their demur-rer should have been sustained, because the destruction of the deed, if destroyed at all, occurred more than twenty-five years before the institution of this suit; hence the cause of action was barred by the statute. Inasmuch as the petition did not show that the plea of the statute might not be avoided, the demurrer to the petition was properly over-ruled.

It is further contended by appellants that the court erred in refusing to allow appellants to file an amend-ed answer, relying upon the statute of limitations, af-ter the testimony by plaintiff had made it manifest that the cause of action had accrued more than twenty-five years be-fore the institution of the suit. It is contended by appel-lee that the statute of limitations has no application to this action. In Allen v. Froman, 96 Ky. 317, [28 S. W. 497], it was substantially held that it had become the legislative policy of this state to fix in every case a limit of time for beginning every action for proceeding for re-lief; hence it would seem that at some period this action would be barred by time. It is true that no statute of limitations expressly refers to such an action; but it is provided in section 1, art. 1, c. 71, Gen. Stat., that an action for real property can only be brought within 15 years after the right to institute suit had first accrued to the plaintiff, or the person through whom he claims. Section 2 in substance provides that if, at the time the right of action accrues, the person was an infant, a married woman, or of unsound mind, then such person or persons claiming through him, though a period of fifteen years has elapsed, may bring an action within three years after such disa-

Brandenburg, &c., v. McGuire.

bility is removed. Section four provides that the period within which an action for the recovery of real property shall be brought shall in no case be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims by reason of any death or existence or continuance of any disability whatever. It seems hardly reasonable that the right to institute an action to restore or perpetuate evidence of title to real estate should be without limit as to time, while the right to recover the property is barred by time. We are therefore of the opinion that the statute of limitations as to actions for the recovery of real estate by analogy are applicable, and should be applied, to such actions as the case at bar; and that the cause of action accrued upon the destruction or mutilation of the deed or writing sought to be supplied; and that the statute commenced to run from such destruction, or, at least, as soon as the loss was discovered, or could by the exercise of reasonable diligence have been discovered, by the plaintiff, and in no case can the right to bring such an action continue more than thirty years after the cause of action accrued. It results from the foregoing that the court below erred in refusing to allow the amended answer to be filed. For the reasons indicated, the judgment appealed from is reversed, and the cause remanded, with directions to allow the amended answer to be filed, and for further proceedings consistent with this opinion.