CASE 87—ACTION FOR CONTRIBUTION—MAY 3.

# Duke. v Pigman, &c.

APPEAL FROM KNOTT CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

FRAUDULENT CONVEYANCES—SUBJECTION OF PROPERTY TO GRANTOR'S
LIABILITY AS SURETY—SUBROGATION OF GRANTEE TO GRANTOR'S
RIGHT OF CONTRIBUTION—LIMITATION OF ACTION.

Held: 1. Where property conveyed in fraud of the grantor's credi-
tors was subjected to the payment of a debt for which he was
bound as surety, the grantee was entitled to be subrogated to
his rights against the principal and his co-sureties, and to that
end the grantee was entitled to an assignment of the judgment
under which the property was sold.

2. The grantee having failed to procure an actual assignment of
the judgment, his right of action against the principal and the
grantee's co-sureties upon the implied promise to reimburse
him for the appropriation of his property is barred after the
lapse of five years from the time of the sale.

CHIEF JUSTICE PAYNTER AND JUDGES DuRELLE AND WHITE DIS-
SENTING.

J. M. BAILEY AND JOHN L. SCOTT FOR APPELLANT.

The appellant, J. W. Duke, on the 25th day of March, 1898,
filed his petition against the appellees in which he sought
contribution from them for the following reasons:

That he is a son of P. M. Duke, deceased, who in his life
time together with appellees was surety on the bond of Pigman,
as sheriff of Knott County, who defaulted and failed to pay a
claim allowed to Jones as jailer for $360, on which claim Jones
brought suit against the appellees and P. M. Duke as sureties'
aforesaid and obtained judgment, and on January 8, 1891,
an execution was issued on said judgment, and placed in the
hands of J. T. Watts, sheriff, who levied it on a house and in the
town of Henderson, as the property of P. M. Duke, but which
had been previously conveyed by said P. M. Duke to his son the
plaintiff, J. W. Duke, and said lot was sold on May 18, 1891,
at the price of $415, being the amount of said debt and was

Duke v. Pigman, &c.

bought by H. Combs. Combs transferred his bid to Jones who transferred it to G. W. & A. H. Howard, and on April 17, 1894,. said sheriff, Watts, conveyed said lot to the said Howards. P. M. Duke had on February 19, 1890 conveyed said lot to the appellant, who is his son, and on June 23, 1895, the appellant, J. W. Duke, filed suit in the Knott Circuit Court against the Howards, asking that the title to said lot be quieted, who filed answer claiming the lot under the sheriff's deed, and made their answer a cross petition against the appellees, asking that the return on the execution "satisfied by the sale of said lot" be quashed and an alias execution awarded in the event the said appellees were adjudged the rightful owner of said lot. Upon final hearing in the court of appeals it was adjudged that the Howards were the owners of said lot.

To the suit of appellant now pending, the appellees, except Pigman, filed their joint answer, in which they do not deny the facts therein alleged, but claim that appellant's cause of action accrued on the 18th day of May, 1891, and is barred by limitation. Pigman filed answer alleging that he was not served with process in the Jones suit and that the judgment therein is void as to him. On the trial in the court below, the court held that the Jones judgment is a nullity as to Pigman and Bates for the reason that they were not before the court, and that the appellant's claim was barred by limitation and dismissed his petition from which judgment he has appealed. We claim that appellant's cause of action did not accrue until the property was adjudged by the Court of Appeals, March 10, 1898, to belong to the Howards.

J. J. BACH AND JNO. E. PATRICK FOR APPELLEE.

1. A petition that fails to show that the plaintiff is the beneficiary of the subject matter of the action, states no cause of action.. Civil Code, sec. 90.
2. The sale of property under an execution by which the execution is returned satisfied is a payment of the judgment upon which it issued.
3. If one of the several sureties is compelled to pay the debt, the co-sureties are immediately liable to him for contribution. Caldwell v. Roberts, 1 Dana, 355; Bowman v. Wright, 7 Bush, 375; Robinson v. Jennings, 7 Bush, 630; Ky. Stat., 2515; Joice v. Joice, 1 Bush, 474.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

At the December term, 1889, of the Knott Circuit Court,. J. C. Jones recoveered a judgment against J. N. Pigman

and his securities upon his official bond as sheriff of Knott county for the year 1888, for a claim which had been allowed to him, as jailer, against the county. P. M. Duke, the father of appellant, was one of the securities. After the rendition of the judgment in favor of Jones, Duke, in consideration of love and affection, conveyed to his son, J. W. Duke, the appellant in this proceeding, a house and lot in the town of Hindman. Subsequent to this convey- ance, execution issued on the Jones judgment, directed to the sheriff, and was by him levied on the house and lot in question; and it was sold under that execution on the 18th of May, 1891, to one Combs, who subsequently trans- ferred the benefit of his bid to the judgment creditor, Jones, who, in December, 1891, transferred the bid to A. H. and W. G. Howard. After this transfer to Howard, appellant, J. W. Duke, instituted a suit seeking to set aside the sale by the sheriff under the execution in favor of Jones. That case came to this court and was decided March 10, 1898; and it was held that the conveyance by P. M. Duke to his son was void and inoperative as to the antecedent debts, and that the purchaser of the land at the execution sale for the satisfaction of the judgment on the bond was entitled to hold the property as against the vendee of the security. See Wren v. Parish's Assignee (Ky.) 39 S. W., 512 (19 Ky. L. R., 208). After that case was decided in this court, J. W. Duke institut- ed this proceeding in the Knott Circuit Court on the 25th day of March, 1898, against the sheriff, Pigman, and the other securities upon his official bond, in which he seeks to recover judgment against Pig- man for the full amount for which the house and lot were sold, and to recover of the other appellees, as co-securi- ties, contribution for the amount so paid by him. Appel- lees answered—First, denying the right of appellant to

maintain the action; and, second, they pleaded and relied
upon the lapse of time and the statutes of limitation as
a bar to recovery; and a number of other defenses were
also interposed by Pigman. The circuit judge sustained
the plea of limitation and dismissed the bill, and the case
is now here for review.

After the sale of the house and lot, under the judgment
by the sheriff, as the property of P. M. Duke, he had the
right, under section 4666 of the Kentucky Statutes, to an
assignment of the judgment, and such assignment would
have given him the right to sue out an execution, or use
the existing execution, or otherwise control the judgment
to obtain satisfaction of Pigman for the whole amount so
paid by him, with interest, or from any co-security for
his proper part of such payment; and if he had failed to
take an assignment of the judgment, under section 4665
of the statutes, he could have recovered the amount so
paid, with interest from the time of payment from Pigman,
either by an action at law, or by information after ten
days' notice. He could also have sued his co-securities,
and recovered their fair proportion of the debt so paid by
him. While the conveyance from P. M. Duke to his son J.
W. Duke was inoperative so far as antecedent debts
were concerned, it was not an absolutely void conveyance.
On the contrary, it vested appellee with a good title as
against the grantor therein and all other persons except
antecedent creditors; and he, by virtue of the conveyance,
was entitled to be subrogated to all the rights and rem-
edies which accrued to his vendor by reason of the sub-
jection of this property against Pigman, whose debt it was
sold to pay, and also the co-securities of his father upon
the official bond. The right of subrogation or of equit-
able assignment is not founded upon contract, nor

upon the absence of contract, but is founded upon the facts and circumstances of each particular case and upon the principles of natural justice; and, generally, where it is equitable that a person furnishing money or property to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted. See Crippen v. Chappel, 57 Am. Rep., 192; Hays v. Ward, 4 Johns. Ch., 130, (8 Am. Dec., 554). One of the most familiar instances of the application of the doctrine of subrogation is where the purchaser of incumbered property, without assuming the incumbrances, pays it off in order to protect his own interest or to perfect his title. In such cases it is uniformly held that he is entitled to be subrogated to the position of the incumbrancer in respect to all the latter's rights and remedies. See 24 Adol. & E., 253, and authorities there cited. After the seizure and sale of the property of appellant under execution, he was entitled in equity to have maintained an action for indemnity against the sheriff, and also for contribution against the co-securities of his father upon the officiaal bond, by virtue of the sale and transfer to him by his father of the property so sold; but it appears that his house and lot were seized and sold on the 18th day of May, 1891, and his cause of action accrued on that date, and the law entitled him to an assignment of the judgment at that date on demand, but it does not *per se* make the assignment. In this case appellant did not procure an actual assignment of the judgment, but relies upon the implied promise to reimburse him for such appropriation of his property; but, as more than five years had elapsed after his cause of action accrued before the institution of the suit, his claim is barred by the lapse of time and the statute of limitations. See Joyce v. Joyce's

Adm'r, 1 Bush, 474; Bowman v. Wright, 7 Bush., 375; Robinson v. Jennings, Id., 630. For reasons indicated, the judgment must be affirmed.

Dissenting opinion by Chief Justice Paynter:

When the father conveyed the property to his son, he did so for the express purpose of preventing his creditors from seizing and selling it to pay their debts against him. The son knew this fact, paid nothing for the property, and the conveyance was absolutely void. The son could have had no cause of action against his father on a warranty in the deed, because (1) he had paid nothing for the property; (2) he participated in the fraud, and a court should not give him any relief for that reason. The property was sold to pay a debt for which the father was surety. If the son could not maintain an action against his father, by reason of the fact the property was lost to him, then certainly he should not against the party for whom the father was surety. As the son could not maintain an action against the father, because he was *particeps criminis*, he for the same reason should not be permitted to maintain one against his father's debtor to compel him to pay for the value of the property, the title to which he obtained in a fraudulent transaction with the father; the property being sold to pay a debt, the collection of which was sought to be avoided by the transaction. The court held that the son took the property subject to the payment of the father's debts. Assuming this to be true, then the following condition existed: It was sold to pay the father's debt, and the result of the sale shows he acquired no interest in the property, as the entire proceeds were necessary to pay the debts. At most, he got a shadow,—no substance. Noth-

ing of value was taken from him by the sale. He was not deprived of anything belonging to him,—consequently sustained no damages; hence there was no implied liability upon which an action would arise in his favor. The interest in the property which was sold belonged to the father. The law seized and appropriated it to the payment of the debt. The son is not entitled to be reimbursed on account of the sale of his father's property for the father's debts. The cause of action is in the father, not in the son, for the son did not acquire that which the law held for the father to pay his debts.

Judges DuRelle and White concur.