CASE 69.—MOTION BY PEOPLES' BANK OF KENTUCKY'S ASSIGNEE AGAINST MATTIE C. BARBOUR, ETC., TO REVIVE A JUDGMENT AGAINST THEM IN THE CIRCUIT COURT.—February 6.

# Peoples' Bank of Kentucky's Assignee v. Barbour, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Motion overruled, and plaintiff appeals.    Affirmed.

Judgment—Dormant Judgment—Revival—Death of Party—Statute of Limitations.—An execution issued on a judgment after one of the defendants in the judgment dies is void as to the one deceased, and cannot be enforced against his estate, unless its validity be restored by its revivor against his representatives; and hence it does not stop the running of the statute of limitations so far as his estate is concerned.

D. MOXLEY and BARKER & WOODS for appellant.

1. Where the question of whether an execution is sufficiently vital to furnish a point from which to measure the statute of

Peoples' Bank of Kentucky's Assignee v. Barbour, &c.

limitation the execution is held merely voidable, and the statute of limitation suspended.

2. The issue of the execution is a ministerial act done by the clerk without notice to the defendant, and the only question of what shall be done under the execution can be controlled by the defendant, or is affected by his being alive or dead.

3. The court cannot fail to observe, if it reads the cases, that while an execution is often spoken of as void, it is void as to passing title, or as to the levy, or sale, but that where the question has arisen as to limitation the courts hold it good to that extent—voidable only.

### AUTHORITIES CITED.

Alexander v. Mullins, 16 Ky. Law Rep., 31; Burge v. Brown, 5 Bush, 535; Morgan v. Winn, 17 B. M., 233; Code 407; Civil Code, sec. 401, 407; Deppen, &c., v. Immohr's Ex'r, 27 Ky. Law Rep., 43; Spalding v. Wathen, 7 Bush, 661; Hord v. Marshall, 5 Dana, 495; McDonalds, &c., v. Steinbridge's Adm'r, 25 Ky. Law Rep., 962; 19 Rhode Island, 717, Hodges v. White; Elliott v. Knott, 14 Md.; Halsey v. Van Vliet, 27 Kans., 481; Speer v. Sample, 4 Watts, 367; Hodges v. White, 1897, 19 R. I., 717; Webb v. Mallard, 27 Tex., 80; Taylor v. Snow, 47 Tex., 462; Jones v. Davis, 24 Wis., 229.

WARWICK MILLER and MILLER & SPALDING, attorneys for appellee.

### POINTS AND CITATION OF AUTHORITIES.

1. An execution issued against the defendant who died after judgment and before execution issued, there being no revivor against their heirs or personal representative is a nullity, is void and of no effect. (American & English Encyclopedia of Law, 2nd Edition, page 612; Encyclopedia of Pleading and Practice, page 329; Cyc., vol. 17, page 991; Editorial Note, 61st L. R. A., page 353, section 6, Davis v. Young, 2nd T. B. Mon., 60; Briston v. Peyton's Admx., 2nd T. B. Mon., 91; Calloway's heirs v. Eubanks & Sons, 4th J. J. Mar., 279; Thomas, &c., v. Turner, 6th T. B. Mon., 57.)

2. Said execution being void, and more than fifteen years having elapsed since a former execution, the statute of limitation applies, and prevents the judgment from being revived. (Statute of Kentucky, section 2514.)

3. The motion to revive was properly overruled, because a greater length of time had elapsed between the death of the

defendant and the date of the motion to revive than is allowed by the Code for revivor. (Hale v. Commonwealth, 24 Ky. Law Rep., 1573; Apperson v. Fulkerson, 7 Ky. Law Rep., 452; Yowel, &c., v. Hustonville, &c., 16 Ky. Law Rep., 30.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On October 9, 1885, the People's Bank of Kentucky recovered a judgment in the Louisville Chancery Court against James P. Barbour, Richard N. Barbour, and J. D. Barbour for the sum of $5,000. An execution was issued on the judgment on April 14, 1888, which was returned no property found. After this the bank assigned the judgment to W. H. Slaughter, and he on November 14, 1899, assigned it to Elizabeth O'Nora Barbour. Richard N. Barbour died February 22, 1902, and on April 13, 1903, Elizabeth O'Nora Barbour had an execution issued on the judgment against James P. Barbour, Richard N. Barbour, and J. D. Barbour, which was levied on their interest in a certain tract of land in Jefferson county. On the 19th of October, 1905, Elizabeth O'Nora Barbour, upon notice to Martha C. Barbour and Mattie C. Barbour, the real representatives of Richard N. Barbour, moved the court to revive the judgment against them. The court overruled the motion, and she appeals.

By section 2514, Ky. Stat., 1903, an action upon a judgment or decree of any court of this State must be commenced within 15 years after the cause of action first accrued, the period to be computed from the date of the last execution thereon. The judgment was recovered in 1885. An execution, as stated, was issued on it on April 14, 1888, but this was more than 15 years before the motion before us was made. An execution was last issued on the judgment on April

13, 1903, but this was after the death of Richard N. Barbour, and the question is whether this execution was void as to him. When the defendant in a judgment dies, the judgment dies with him, and is no longer in force until it is revived as to him. Being dead, no acts done under it as to him can be justified by its authority. Vitality may be restored to it by revivor against his representatives, but until it is so revived it cannot be enforced against them. While there is some conflict of authority on the question, the great weight of authority is to the effect that an execution on a judgment after the death of a single defendant and without revivor is void. Davis v. Young, 2 T. B. Mon. 60; Thomas v. Tanner, 6 T. B. Mon. 52; Calloway's Heirs v. Eubanks, 4 J. J. Marsh. 280; Huston v. Duncan, 1 Bush 205; 1 Freeman on Executions, section 35; note to Hatcher v. Lord, 61 L. R. A. 393. While there is some conflict of authority as to the execution being void in the case of the death of a single defendant, where it is issued after his death without revivor, the authorities are more harmonious where the judgment is against several, and by statute after the death of one of the defendants execution may issue against the survivors.

Section 405 of the Civil Code of Practice provides: "The death of a defendant shall not prevent the issuing of an execution against a surviving defendant." In 1 Freeman on Executions, section 36, it is said: "When one of several judgment defendants dies, satisfaction may be sought solely by seizing the persons or levying on the personal estate of the survivors, in which cases no scire facias is needful to authorize the issue of execution. But it is otherwise if the heir of the deceased is to be pursued. In order that the execution may conform to the judgment, it issues against all the defendants, although it, for all practical pur-

poses, amounts to no more than an execution against the survivors." See, to same effect, note to Hatcher v. Lord, 61 L. R. A. 387. Under these authorities, the execution which issued on April 13, 1903, was only an execution against the survivors. It was not an execution which had any legal vitality as to Richard N. Barbour. Being void as to him, it was a nullity so far as his estate was concerned; and, being a nullity as to him, it did not stop the running of the statute of limitations.

Judgment affirmed.