CASE 65—ACTION BY E. W. LEE'S ADMINISTRATORS
AGAINST JOHN B. THOMPSON.—March 9, 1909.

# Lee's Admr. v. Thompson (2 Cases)

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

Judgment in one case reversed, and one affirmed.

1. Execution—Judgment in Favor of Decedent.—An execution is-
   sued in favor of administrators on a judgment recovered by
   their decedent was properly quashed, where the clerk did not
   require the administrators to file an affidavit showing their
   right to the execution, or a properly certified copy of their
   appointment by a competent tribunal, as required by Civ.
   Code Prac. Section 404.
2. Judgment—Satisfaction—Payment by Assignee.—Where a
   note was transferred to one who indorsed and discounted it
   and thereafter paid and took an assignment of a judgment on
   the note against himself and the payee, such payment did not
   inure to the benefit of the payee.
3. Limitation of Actions—Action on Judgment—Where the trans-
   feree of a note indorsed and discounted it, and thereafter paid
   and took an assignment of a judgment on the note against
   himself and the payee, he acquired all the rights of the judg-
   ment creditor in the judgment, and the five-year statute of
   limitations did not apply to an action by him on the judg-
   ment.
4. Execution—Alias Execution.—Where a motion to quash an
   execution is made on several grounds, one of which is suffi-
   cient, and two others are erroneously held to be sufficient, and
   demurrers thereto are overruled, and the judgment must be
   affirmed on appeal, the judgment creditor, after the only legal
   ground for quashing the execution no longer exists, is not
   barred by the erroneous ruling of the court from obtaining a
   new execution.

FOX and JACKSON for appellants.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner.

On the 11th day of March, 1894, W. H. Thomas & Son, a firm composed of W. H. and Percy Thomas, and Chinn & Morgan, a firm composed of J. P. Chinn and George H. Morgan, executed to John B. Thompson their promissory note for $3,000, payable four months after date at the Farmers' National Bank, Danville, Ky. Upon the execution of the note, it was turned over to E. W. Lee, and before its maturity was indorsed by him and discounted at the Farmers' National Bank. Suit was brought on this note in the Boyle circuit court against the makers thereof, the payee, Thompson, and the indorser, E. W. Lee. Judgment was finally obtained against all these parties. The note on which the judgment was finally rendered was a renewal of other notes which had been executed by Thomas & Son to J. B. Thompson, and transferred from Thompson to Chinn & Morgan to secure a debt owing by Thompson or Thomas & Son to Chinn & Morgan. This note was transferred by Chinn & Morgan to Lee, to pay a debt due by them to Lee. The name of Lee nowhere appears on either of the notes, except as indorser to the bank that discounted the note. Various executions were issued on the judgment obtained by the bank, and all returned "no property found." On August 17, 1897, the judgment was paid off by E. W. Lee and assigned in writing by the bank to Lee. On March 5, 1907, E. W. Lee's administrators caused execution to issue on said judgment. Thereupon J. B. Thompson, after due notice given to said administrators, filed a motion

in the Boyle circuit court to quash this execution. The proceedings on this motion are contained in the record of case No. 240. Thompson set forth 12 grounds, in 12 distinct paragraphs, for quashing the execution. Lee's administrators demurred to each of these grounds. The court overruled the demurrer to paragraphs 1, 2, and 10, and sustained the demurrer to all the other paragraphs, and ordered the execution quashed. From that judgment Lee's administrators prosecute this appeal. No cross-appeal is prosecuted, so it will be unnecessary to consider the grounds other than those contained in paragraphs 1, 2, and 10.

Paragraph 1 is as follows: "Because said execution was issued without authority of law and is null and void." This paragraph was subsequently amended as follows: "The defendant, John B. Thompson, comes and by leave of the court amends the first ground of his motion herein as set out in said motion, and says that said execution was issued without authority of the law, and was null and void, in this, that the clerk of said court, before and at the time he issued said execution to the sheriff of Mercer county, did not require, before issuing same, F. N. Lee and George Lee, administrators of E. W. Lee, deceased, or either of them, who claim a right to said execution, to file an affidavit showing their right to do so, nor did said clerk require them or either of them to file a copy, properly certified, of their appointment as such by a competent tribunal in the United States. He states that at the time said clerk issued said execution, and at the time he made the indorsements thereon, neither of said administrators had filed any affidavit with him showing their right

to said execution, or to said judgment under which said execution issued, and there was no assignment to either of them or to E. W. Lee, in the records of his office, of said judgment upon which said execution issued.'' The court properly overruled the demurrer to the foregoing paragraph. While section 402 of the Civil Code of Practice gave the right to obtain the execution in question, the facts set out in the above paragraph show that the requirements of section 404 were not complied with. That being the case, the judgment quashing the execution in question was proper upon the ground set out in paragraph 1 of the motion to quash.

Paragraph 2 of the motion to quash is as follows: ''Because said execution shows upon its face that the judgment upon which it is based had been paid and satisfied.'' While it does not appear that the judgment was paid, it was paid by E. W. Lee and immediately assigned to him by the bank. It was not paid by J. B. Thompson, or paid by Lee for him. Only in the event that the judgment was paid by Thompson, or paid by some one else for him, would the payment and satisfaction of the judgment inure to his benefit. The payment by Lee was not a payment in satisfaction of the judgment so far as J. B. Thompson was concerned. It is manifest therefore that paragraph 2 contained no ground that justified the court in quashing the execution in question. It was error therefore to overrule the demurrer to this paragraph.

Paragraph 10 of the motion to quash is as follows: ''Because said E. W. Lee, in his lifetime, for more than five years after he claims to have paid and satisfied said judgment rendered in favor of the Farm-

ers' National Bank, failed to assert any claim against the undersigned for and on account of the said debt by him, and any and all claims against the undersigned for and on account of payment of said debt are barred by the statute of limitations in such cases made and provided, upon which the undersigned relies as a full and complete bar against any judgment, execution, or claim against him." It has been held by this court that, in cases where the surety pays a judgment and takes no assignment within five years after he pays it off, then the five-year statute of limitations applies, for the reason that he relies entirely upon an implied promise to pay, and not upon a written assignment of the judgment. Joyce v. Joyce's Adm'r, 1 Bush, 474; Duke v. Pigman, 110 Ky. 756, 62 S. W. 867. The facts of this case, however, do not bring it within the rule announced by those cases. Here E. W. Lee paid off the judgment, and at the same time took a written assignment thereof from the bank. He thereby acquired all the rights of the judgment creditor in the judgment assigned, and the five-year statute of limitations has no bearing whatever upon the case. It follows then that the court erred in overruling the demurrer to paragraph 10. It is manifest from the foregoing that so much of the judgment as overruled the demurrer to the first paragraph of the motion to quash, and so much of the judgment as actually quashed the execution in question, was proper; but so much of the judgment as overruled the demurrer to paragraphs 2 and 10 of the motion to quash was erroneous.

We shall next consider the questions raised by the record of case No. 241. After the execution of March 5, 1907, was quashed, Lee's administrators

filed with the clerk of the Boyle circuit court the affi-
davit required by section 404 of the Code, and also
the certificate of the clerk of the Boyle circuit court
showing their due qualification as administrators of
E. W. Lee, deceased. After filing said affidavit and
certificate, the administrators of E. W. Lee also
caused the Farmers' National Bank of Danville, Ky.,
in whose name the judgment had originally been
entered, to file and note on the record of said judg-
ment the following: "This judgment in favor of the
Farmers' National Bank of Danville, Kentucky,
against W. H. Thomas, Percy Thomas, J. B. Thomp-
son, and E. W. Lee, having been paid by E. W. Lee,
August 17, 1897, was on said day duly assigned and
transferred in writing duly executed and signed by
said bank, to said E. W. Lee, to be controlled by him
and for his benefit. Witness our hand this August 7,
1907. The Farmers' National Bank of Danville, Ky.,
by J. C. Caldwell, President." The foregoing in-
dorsement was made on the judgment book on August
7, 1907, and shows that before that time, to wit, on
August 17, 1897, the judgment had been paid by Lee
and duly assigned and transferred in writing by the
bank to Lee, and this writing referred to was the writ-
ing and assignment of said judgment which is re-
ferred to in case No. 240 as being executed on August
17, 1897. After taking the foregoing proceedings.
Lee's administrators caused an execution to be issued
on August 9, 1907. Thereupon J. B. Thompson, after
due notice given to the administrators, moved the
Boyle circuit court, at its September term, 1907, to
quash the execution of August 9, 1907, on 13 separate
and distinct grounds. A demurrer was filed to each
and every paragraph or ground of the motion. Para-

graph 7 made an issue of fact which it is unnecessary
to consider.  The court sustained the demurrer to
all the other paragraphs except paragraph 13.  Para-
graph 1 is the same as paragraph 1 in the proceed-
ings in case No. 240.  To this paragraph a demurrer
was sustained.  There can be no question of the pro-
priety of the court's ruling on this paragraph, for
after the execution issued on March 5, 1907, was
quashed, the administrators complied with the pro-
visions of section 404 of the Code.  Therefore para-
graph 1 presented no ground for quashing the exe-
cution.

In view of the fact that no cross-appeal has been
prosecuted, it will be unnecessary to pass upon the
validity of any of the grounds to quash except that
contained in paragraph 13.  This paragraph sets out
all the proceedings in case No. 240 and pleads the
judgment in that case as a bar to the right to obtain
the execution asked to be quashed in this action.  As
the purpose of the proceedings in case No. 240 was
to quash the execution involved therein, and as the
first ground stated in the motion was sufficient for
that purpose, the judgment quashing the execution
was proper.  That being the case, that judgment can-
not be reversed because the court improperly over-
ruled the demurrer to the second and tenth para-
graphs of the motion.  Though the judgment must be
affirmed, because of the first ground stated in the
motion, it does not follow that the erroneous ruling
in regard to paragraphs 2 and 10 is res adjudicata
and conclusive of the right of appellants to sue out
another execution after complying with section 404
of the Code.  There was no way by which the error
could be corrected.  The execution had to be quashed

because section 404 had not been complied with.  Appellants could not plead further to paragraphs 2 and 10 because there was nothing to plead to.  An appeal could accomplish nothing so far as the judgment was concerned, for the judgment was proper for the reason mentioned.  Our conclusion then is that where a motion is made to quash an execution upon several grounds, one of which is sufficient, and two others are erroneously held to be sufficient and demurrers thereto overruled, and the judgment on appeal to this court must be affirmed, the judgment creditor, after the first and only legal ground for quashing the execution no longer exists, is not barred by the erroneous ruling of the court from obtaining a new execution.  That being the case, the demurrer to paragraph 13 should have been sustained.

In case No. 240 the judgment is affirmed.  In case No. 241 the judgment is reversed, and cause remanded, with directions to sustain the demurrer to to paragraph 13.

Petition for rehearing by appellee overruled.