## Wiedemann v. Crawford.

(Decided June 20, 1912.)

### Appeal from Campbell Circuit Court.

1.  Sureties—Co-obligors—Payment of Judgment—Execution Against Co-surety or Co-obligor—Motion to Quash—Kentucky Statutes, Section 4666.—Where a surety or obligor pays off the judgment and has execution issued thereon against his co-surety or co-obligor, and the execution defendant claims that the execution is for a larger amount than his proper part, his remedy is by motion to quash, or a proceeding to enjoin the execution, or by both if necessary to protect his rights.

2. Same.—It is error to quash an execution issued against a co-surety or co-obligor in favor of a surety or obligor who has paid the judgment and taken an assignment thereof, without first determining the respective liabilities of the parties. Where a motion is made to quash the execution, the court will hear and determine the question of liability in a speedy and summary way. If it appear that the execution is for the proper amount, the execution will go as issued; if it appear that it is for an amount in excess of the execution defendant's proper part, the execution will be quashed, to the extent of the excess only.

DOLLE, TAYLOR & O'DONNELL, RAMSEY WASHINGTON for appellant.

JAMES C. WRIGHT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On January 17, 1910, the German National Bank of Newport, Ky., brought suit in the Campbell Circuit Court against Charles Wiedemann and Leonard J. Crawford upon a promissory note for $15,000, dated July 15, 1909, and payable four months from date. The note was signed by the Altamont Hotel Company, and Charles Wiedemann, and its payment was guaranteed by Charles Wiedemann and L. J. Crawford.

Upon the filing of the suit, Wiedemann and Crawford each filed an answer and cross-petition against the other. Crawford alleged that there was a partnership between him and Wiedemann, and that his liability upon the note was 29 23-70 per cent thereof, while Wiedemann's liability was 70 47-70 per cent. Wiedemann denied that any partnership existed between him and Crawford, or that the note sued on was a partnership note, and pleaded that they were liable on the note in equal proportions.

The court held that the answers of Wiedemann and Crawford presented no defense to the petition, and judgment was entered in favor of the bank for the face of the note and interest.

Wiedemann objected to Crawford's answer being taken as a cross-petition against him, but the lower court overruled the objection. Thereupon, Wiedemann pleaded to the cross-petition of Crawford, and denied that their respective liabilities on the note were in the proportion of 70 47-70 per cent and 29 23-70 per cent, or any other proportion than that of equality.

Pending the proceedings, Wiedemann paid the judgment, and took an assignment thereof from the bank. Thereafter he caused an execution to issue thereon against Crawford for one-half the amount of the judgment and costs. Thereupon Crawford filed a motion to quash the execution. The motion was sustained and the execution quashed. From that judgment Wiedemann appeals.

In paying off the judgment and causing an execution to issue thereon against Crawford for one-half thereof, Wiedemann proceeded under sections 4666 and 4667 of the Kentucky Statutes, which are as follows:

"4666. Surety Paying Judgment—Assignment.—If the surety pay the whole or part of a judgment he shall have a right to an assignment thereof from the plaintiff or the plaintiff's attorney, in whole or in part; and when the plaintiff has been fully satisfied, such assignment shall give him the right to sue out or use any existing execution, or otherwise control the judgment for his own benefit against the other defendants, so far as to obtain satisfaction from the principal for the whole amount so paid by the surety with interest, or from any co-surety his proper part of such payment, according to the principles of the last section. Such assignment shall also transfer to the sureties so paying the benefit of any lien existing under or by virtue of such judgment; and the right to the assignment shall exist, though the money was made or secured by sale of the property of the surety under execution.

"4667. Co-obligors and Co-contractors—Remedies of.—Co-obligors or co-contractors, as between each other, have the full benefit of the last two sections as if they were co-sureties."

The foregoing sections of the statute were not intended to restrict, but to enlarge the equity doctrine of substitution and the common law doctrine of contribution. They were aimed to provide a simple and speedy method of enforcing liability as among sureties and co-obligors. While the surety or obligor who has paid a judgment and taken an assignment thereof may control it for his own convenience, and have execution issued thereon against the co-surety or co-obligor, the statute contemplates that the co-surety or co-obligor shall be liable only for his proper part, and while he who has the execution issued may designate the sum for which it is to be issued, he had not the arbitrary power to fix the

amount, but his decision is subject to review by the court. Where the execution issues for an amount in excess of the proper part of the execution defendant, his remedy is by motion to quash or a proceeding to enjoin, or by both if it be necessary to protect his rights. Sanders, et al. v. Herndon, 122 Ky., 760. In this case, however, the court, pending the determination of the respective liabilities of Wiedemann and Crawford as between themselves, quashed the execution merely on the allegation of Crawford that it was in excess of his proper part, and without determining that question. In doing this, the court evidently proceeded on the theory that Wiedemann was not entitled to an execution until that question was determined. Such is not the proper practice. Before quashing the execution, the court should have heard and determined the question of the liability of the parties, and this it should have done in a speedy and summary way. On a return of the case, the court itself will hear evidence on a motion to quash. If it appear that Crawford is liable for one-half the judgment and costs, execution will go as issued. If it appear that the execution is in excess of Crawford's proper part, the execution will be quashed, to the extent of the excess only.

This conclusion makes it unnecessary for us to consider other questions discussed by counsel.

Judgment reversed and cause remanded for proceedings consistent with this opinion.