## Thompson v. Farmers National Bank of Danville, et al.

(Decided February 11, 1913.)

### Appeal from Boyle Circuit Court.

1.   Evidence—a Party Cannot Testify for Himself as to a Transaction With One Who is Dead—Surety.—A party cannot testify for himself as to a transaction with one who is dead, and when a note

makes out a *prima facie* case that the defendant was surety for the plaintiff, the defendant being dead, the plaintiff cannot testify to an arrangement made with the deceased by which the relation- ship between them was changed.

2. Evidence—Burden of Proof.—When the note makes out a *prima facie* case for the defendant on a motion to quash an execution, the burden of proof is properly placed on the plaintiff.

3. Judgment—Correct on Merits—Will Not. Be Reversed Although Erroneous Reason Given for it—Evidence.—It will not be presumed that the court ruled out on the argument evidence that had been admitted without objection on the trial, and a judgment which is correct on the merits will not be reversed, although the court may have given an erroneous reason for it.

HAZELRIGG & HAZELRIGG, ROBERT HARDING and **J. B.** THOMPSON, for appellant.

CHAS. C. FOX and HENRY JACKSON, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Affirming.

In March, 1893, John B. Thompson and W. H. Thomas and Son bought of Chinn and Morgan a half interest in a stable of racing horses for $12,000. Thompson paid $6,000, and W. H. Thomas and Son executed two notes each for $3,000 to John B. Thompson, which he endorsed and delivered to Chinn and Morgan. One of these notes was afterwards paid. The other, Chinn and Morgan de- livered to E. W. Lee in satisfaction of $3,000 which they owed him. Lee discounted the note at the Farmers' Na- tional Bank of Danville. The note was renewed several times to the bank. In the last two renewals, Chinn and Morgan instead of placing their names on the back of the note placed their names on the face of the note under the names of W. H. Thomas and Son. Thompson placed his name on the back of all the notes, and Lee placed his name on the back under Thompson's. The last renewal made on March 11, 1894, not having been paid, the bank brought suit on the note and recovered judgment against the makers, the payee, Thompson, and the endorser, Lee. On August 17, 1897, the judgment was paid off by Lee and assigned in writing to him by the bank. Lee having died, on March 5, 1907, his administrators had an execu- tion issued on the judgment. Thompson thereupon en- tered a motion in the Boyle circuit court to quash the exe- cution upon twelve grounds set out in the notice. Lee's administrators demurred to each ground; the circuit court sustained the demurrer to all the grounds except

the first, second, and tenth; and overruled the demurrer to these three. Lee's administrators stood upon their demurrer, and the circuit court entered a judgment quashing the execution. They appealed. They thereupon took out another execution, and Thompson entered a motion to quash it, upon the same grounds as the last, and in addition pleaded the former judgment as *res adjudicata.* The circuit court sustained Lee's demurrer to all the grounds except the seventh, which pleaded that Lee was not Thompson's surety on the note, and thirteenth, which pleaded the former proceedings in bar. Subsequent pleadings were filed making up the issue on the seventh ground, but the circuit court held the thirteenth ground good, and dismissed the proceeding under the plea in bar. From this judgment Lee's administrators also appealed. The two appeals were heard together. It was held that the first execution was properly quashed because the affidavit required by the statute had not been filed before it was issued; but that this affidavit having been filed before the second execution issued, that execution was not invalid, and that the quashal of the first execution because it was issued prematurely was not a bar to the issuing of the second execution. The judgment in the first case was affirmed, and the judgment in the second case was reversed and the cause remanded for further proceedings. (Lee's Admrs. v. Thompson, 132 Ky., 608). On the return of the case to the circuit court, proof was taken, and the case being submitted to the court, a judgment was entered overruling Thompson's motion to quash the execution. He appeals.

By the proceedings had before the case was here on the last appeal, and by the judgment rendered on that appeal, all the grounds relied on to quash the execution were disposed of but the seventh. In that ground Thompson alleged in substance that after the note was given in March, 1893, Chinn and Morgan fell in debt to him in a sum exceeding $3,000, and that the renewal notes were executed under an agreement between him, Lee and Chinn and Morgan, that Chinn and Morgan might keep the $3,000 which they owed him and Lee would look to them for the money and not to him. All these allegations were denied by the answer filed by the administrators and when the case came on for trial, Thompson introduced himself as a witness and offered to prove by himself that the agreement above referred to was made.

Lee's administrators objected to his testimony as he was testifying for himself against Lee who was dead as to a transaction had with Lee. The circuit court sustained the objection and refused to admit the testimony. This was proper under the provision of the code. There being no other evidence to show the alleged agreement, the circuit court properly refused to quash the execution.

It is insisted for Thompson that the circuit court erred in ruling that the burden of proof was upon him, but we do not see that there was any substantial error in this regard. The notes which were admitted in the pleadings, made out a *prima facie* case for Lee. Undoubtedly Thompson was primarily liable for the price of the horses, and admittedly had endorsed the note of Thomas and Son, and delivered it to Chinn and Morgan. Lee had obtained it afterwards from Chinn and Morgan for money they owed him. On the face of the renewals there was nothing done afterwards to change the relationship between Lee and Thompson, and if there was an outside agreement, the burden was on him to show it as the notes made out for Lee a *prima facie* case. It is true that the presumption arising on the face of the notes might be rebutted by evidence, but the burden was on Thompson to do this.

Lee introduced on the trial the deposition of J. P. Chinn, and also introduced as a witness, G. W. Welch, the cashier of the bank which discounted the original note and took the several renewals. Chinn testified in substance that the agreement alleged by Thompson was not made, and Welch testified simply to the transactions of the bank in discounting the note, and taking the different renewals. The bill of evidence shows that all this testimony was admitted on the trial, and practically without objection as to the material part of it. But the bill of exceptions after setting out that Thompson objected at the trial to certain parts of this evidence and that his objection being overruled, excepted, all of which appears in the bill of evidence made part of the bill of exceptions concludes with these words:

"At the conclusion of all the evidence of both parties, the said judge refused to consider the deposition of J. P. Chinn and the oral testimony of G. W. Welch, which had been introduced by Lee's Executors, and struck the same out during the argument thereof by said Thompson's attorney, and after both sides had

closed the introduction of their testimony; to which ruling of the court, the said Thompson at the time objected and his objection being overruled, excepted.''

Reading the above in connection with the rest of the record we conclude that Thompson insisted on the argument that the testimony of Chinn and Welch was not sufficient to establish Lee's right to recover; and that the circuit court held that if he left out of view entirely this testimony still Thompson could not succeed; for we cannot presume that the circuit court intended to exclude from consideration a large mass of evidence which had been introduced on the trial without objection; and it will be noted that Thompson excepted to the court's refusing to consider the evidence of the witnesses introduced by the administrators. But aside from this the documents in the case which had been admitted in evidence without objection, and were conceded in the pleadings made out a *prima facie* case for Lee. The testimony of Chinn and Welch did not make out the agreement relied on by Thompson, but on the contrary distinctly negatived it. The court made no special finding of law and facts, and we do not know the precise ground of his ruling, but we would not reverse his judgment if it is correct in fact, although he may have given an erroneous reason for it. On the whole case we conclude that the judgment of the circuit court is correct, and that no substantial right of Thompson's was prejudiced on the trial.

Judgment affirmed.