## Letton's Admr., et al. v. Rafferty, et al.

(Decided June 5, 1913.)

### Appeal from Nicholas Circuit Court.

1.   Execution—Joint Judgment—Validity of Execution Against Sur-
vivor Alone—Section 405, Civil Code.—Where one of two joint
judgment debtors is dead an execution against the survivor alone
is valid as to him.

2.   Execution—Validity of Execution in Excess of Judgment Debt.—
An execution which fails to allow a credit shown on the judg-
ment is not void, but may in a proper proceeding be quashed to
the extent of the excess only.

3.   Mortgages—Payment by Third Party Without Assignment—Lien.
One who pays off a mortgage without taking an assignment ac-
quires no lien.

4.   Limitation—Payment of Mortgage.—The claim of one discharg-
ing a mortgage without taking an assignment is barred by the
five year statute of limitations.

SWINFORD & SWINFORD and MORGAN & DARRAGH for ap-
pellants.

WILLIAM CONLEY, JOHN P. McCARTNEY and HOLMES &
ROSS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

In April, 1883, James E. Letton's Executor re-
covered in the Nicholas Circuit Court a judgment against
Pat Rafferty and Mike Rafferty. This judgment was
credited by certain sums arising from the sale of land
and the further sum of $116 paid March 1, 1883. Several
executions were issued on the judgment. The last execu-
tion before the one sought to be enjoined in this action
was issued April 22, 1897, and returned "No property
found" on April 23, 1897. In the month of January,
1912, an execution was issued by the clerk of the Nicholas
Circuit Court against Pat Rafferty alone. The clerk
failed to endorse on the execution the credit of $115 paid
March 1, 1883. The execution was levied on certain lands
in Nicholas County held in the name of Pat Rafferty.

Pat Rafferty brought suit to enjoin the collection of
the execution. His wife, Jennie Rafferty, asserting
ownership of part of the land levied on and claiming that
it was held in trust for her by her husband, brought
separate suit for the same purpose. The two suits were
consolidated. They both claim that the execution sought
to be enjoined was void because the judgment on which it
issued was a joint judgment against Pat Rafferty and
Mike Rafferty, whereas the execution was issued against
Pat Rafferty alone; also for the further reason that the
execution was for a sum in excess of the judgment debt.
Plaintiffs asked that the execution be quashed on both
grounds. Defendants moved the court to be permitted
to have the execution amended so as to show the credit
of March 1, 1883, and to show that the execution was
issued on the judgment against Pat Rafferty and Mike
Rafferty. They also filed an answer, in the second para-
graph of which they pleaded that the judgment against
Pat Rafferty and Mike Rafferty in favor of James E.
Letton's Executor was the only judgment in the Nicholas
Circuit Court or any other court against Pat Rafferty
in favor of James E. Letton's Executor or James E. Let-
ton, deceased; that at the time of the issuance of the ex-
ecution sought to be enjoined Mike Rafferty was dead
and had been dead for several years; that his estate was
hopelessly involved at the time of his death, and that no
administration was ever had or applied for on his estate;
and that there had never been and was not then a per-
sonal representative of the estate of Mike Rafferty. It

is further alleged that the execution showed by endorsement thereon that it was issued on the judgment which was rendered at the March term of the Nicholas Circuit Court in 1883. The trial court refused to permit the execution to be amended and sustained a demurrer to the second paragraph of defendant's answer. On final hearing the execution in question was adjudged to be void, and plaintiffs were granted the relief prayed for. From that judgment this appeal is prosecuted.

Subsection 2 of section 1652 Ky. Stats., provides that on a joint judgment against several, execution must be joint. Section 405 of the Civil Code provides that the death of a defendant shall not prevent the issuing of an execution against a surviving defendant. The defendants contend that under subsection 2, section 1652 Kentucky Statutes, the execution against Pat Rafferty alone was void although Mike Rafferty was dead at the time it issued. In support of this position we are cited to the cases of Tanner v. Grant, 10 Bush, 363 and Peoples Bank of Kentucky, Assignee v. Barbour, 30 K. L. R., 712.

The question is, what effect shall be given to the Code provision? The case of Tanner v. Grant, *supra,* was based on the statute providing that on a joint judgment against several, execution must be joint. There was a joint judgment against Tanner and Ramey, though Ramey was living at the time execution issued Tanner alone. It was held that the execution was void. In the case of Peoples Bank, &c. v. Barbour, *supra,* it was held that an execution against one who was dead was void as to him. In discussing the question, the court used the following language:

"In 1 Freeman Executions, section 36, it is said: 'When one of several judgment defendants dies, satisfaction may be sought solely by seizing the persons or levying on the personal estate of the survivors, in which cases no *scire facias* is needful to authorize the issue of execution. But it is otherwise if the heir of the deceased is to be pursued. In order that the execution may conform to the judgment, it issues against all the defendants, although it, for all practical purposes, amounts to no more than an execution against the survivors.' (See to same effect note to Hatcher v. Lord, 61 L. R. A., 387.)

"Under these authorities the execution which issued on April 13, 1903, was only an execution against the survivors. It was not an execution which had any legal vitality as to Richard N. Barbour. Being void as to

him, it was a nullity so far as his estate was concerned, and being nullity as to him, it did not stop the running of the statute of limitations.''

In that case the court simply referred to the usual form in which executions are issued, but did not hold that if that form was not followed, the execution was void. In the case under consideration the execution sought to be enjoined was issued on the joint judgment against Pat and Mike Rafferty. There is no question as to the identity of the judgment or of the execution. Had the execution issued against both Pat and Mike Rafferty, it would have been void as to Mike, who was dead, though still binding on Pat. We fail to see by what principle of justice Pat Rafferty may complain because the clerk did not do a void thing, which, if it had been done, could have in no way affected his rights. Formerly section 405, which was section 435 of the old Code, read as follows: ''The death of part of the defendants shall not prevent execution being issued, which, however, shall operate alone on the survivors and their property.'' The language of the latter section might have been interpreted as requiring the execution to be issued against the dead as well as the living. The legislature must have meant something by changing this provision so as to read that ''The death of a defendant shall not prevent the issuing of an execution against a surviving defendant.'' There is nothing in the latter section to indicate that in issuing the execution against a surviving defendant it must also be issued against the joint defendant who is dead. Indeed, it contemplates the issuing of such execution against the surviving defendant alone. While the fact that the execution issued against the dead defendant as well as the survivor would not affect its validity so far as the survivor was concerned, neither would its validity be affected by the fact that it issued against the survivor alone. To hold otherwise would permit an execution defendant to escape liability on a technicality altogether at variance with the modern conception of justice.

The execution of 1897 was not void because it failed to show the credit of $116 paid March 1, 1883. In a proper proceeding it might have been quashed to the extent of the excess, but to that extent only. Wiedemann v. Crawford, 149 Ky., 202.

In the second paragraph of her original petition Jennie Rafferty alleged that she paid off a mortgage lien upon two of the tracts of land on which the execution was

issued, and claimed that her lien to this extent was superior to that of defendants. Defendants' demurrer to this paragraph was overruled. Thereafter, defendants pleaded the five year statute of limitation, to which plea a demurrer was sustained. It does not appear that Jennie Rafferty took either an assignment of the mortgage or the notes. She did not, therefore, acquire any lien on the land, and any claim that she may have had was necessarily barred by the five year statute of limitations. Duke v. Pigman, &c., 110 Ky., 756.

No other question is passed on.

Judgment reversed and cause remanded for proceedings consistent with this opinion.