# Hatfield et al. v. Kentland Coal & Coke Company.

(Decided Feb. 28, 1933.)

WILLIS STATON, J. E. CHILDERS, L. J. MAY and K. D: KESEE for appellants.

J. J. MOORE and HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the fourth appeal of this case under different titles. See Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 212 Ky. 64, 278 S. W. 173; Id., 225 Ky. 346, 8 S. W. (2d) 425; and Davis v. Kentland Coal & Coke Co. (Ky.) — S. W. (2d) — . When recently presented, the right of the defendant to an order of court directing the issuance of an execution on the judgment in the name of the recovering plaintiff, against a codefendant, was presented and determined. We disposed of the question in this language:

"Chloe A. Davis and her co-lessors entered a motion for the issuance of an execution on the judgment in behalf of the Kentland Coal & Coke Company, against the Blackberry, Ky. & W. Va. Coal & Coke Company. The court refused to direct the execution to issue. The brief does not point out, and we are unable to conceive, upon what theory the defendant may ask the court to issue an execution in favor of the plaintiff against a co-defendant. This motion was not supported by either an oral or written statement of facts other than that embraced in the motion. The issuance of the execution on the judgment in its favor was a matter of choice with the Kentland Coal & Coke Company, without any authority, right or privilege of Chloe

A. Davis, and her co-defendants in the action in which the judgment was rendered, to participate." (Ky.) — S. W. (2d) — , Chloe A. Davis v. Kentland Coal & Coke Co. etc., decided Jan. 31, 1933.

The same question again is presented in another form by this appeal. An execution was issued on the judgment herein in favor of the Kentland Coal & Coke Company against the Blackberry, Ky. & W. Va. Coal & Coke Company, and placed in the hands of the sheriff of the county for execution. It was levied by him on the property of the Blackberry, Ky. & W. Va. Coal & Coke Company, including a lease on a large boundary of land, for the purpose of mining coal. After this was done, the Blackberry, Ky. & W. Va. Coal & Coke Company induced the Kentland Coal & Coke Company to sell a certain 400 acres of land on the date of sale as advertised by the sheriff, and postpone the sale of the remainder of the property on which the execution was levied, including the lease. The Kentland Coal & Coke Company agreed to this. On the day of sale the 400 acres was accordingly sold by the sheriff, and immediately the attorney for Chloe A. Davis Hatfield and her colessors interceded, directed the sheriff to sell the lease, which embraced a large number of residences and mining quipment, and, when sold, it was bid in at the sum of $1,200 by F. P. Kazee, trustee, seemingly acting in behalf of Chloe A. Davis Hatfield and her colessors. Kazee entered a motion in court, requesting an order to permit him to pay the $1,200, with interest, before the maturity of the bond executed by him for the purchase price. The Blackberry, Ky. & W. Va. Coal & Coke Company entered a motion to set aside and cancel the execution and report of sale of the lease to Kazee. Evidence was heard in support of the motion, and, on consideration, the court sustained the motion to set aside and cancel the execution and report of sale to Kazee, and overruled the motion of Kazee to permit him to pay the money into the court and accept a deed to the lease. Chloe A. Davis Hatfield and her colessors, together with Kazee, trustee, prosecute this appeal from the order.

The Kentland Coal & Coke Company and the Blackberry, Ky. & W. Va. Coal & Coke Company had a right to agree what portion of the property levied on would be sold on the day of sale, and to postpone the

sale as to the remainder. The sale by the sheriff at the instigation of the attorney of Chloe A. Davis Hatfield and her colessors was a violation of the agreement between the Kentland Coal & Coke Company and the Blackberry, Ky. & W. Va. Coal & Coke Company. The making of the agreement was calculated to and did induce the Blackberry, Ky. & W. Va. Coal & Coke Company not to look after, on the date of the sale, its interest in the lease, and the consequence was, it was without representation at the sale. The issuance of an execution on a judgment is controlled by the desires of the recovering party. Section 1652, Ky. Statutes.

"On a joint judgment against several, the execution must be joint," and, if issued against only one of the defendants, except in the case of death of one of them (section 405, Civil Code Practice), it is void. Tanner v. Grant, 10 Bush, 362; People's Bank of Ky.'s Assignee v. Barbour, 124 Ky. 539, 99 S. W. 608, 30 Ky. Law Rep. 712; Letton's Adm'r v. Rafferty, 154 Ky. 278, 157 S. W. 35. It is argued in brief of Chloe A. Davis Hatfield that judgments for the same amount were rendered in favor of the Kentland Coal & Coke Company, against the Blackberry, Ky. & W. Va. Coal & Coke Company, and also against Chloe A. Davis Hatfield and her colessors, and that the issuance of separate executions in favor of the same plaintiff against the several defendants is a fraud. The observance of subsection 2 of section 1652, Ky. Statutes, by the Kentland Coal & Coke Company, without the intermeddling of Chloe A. Davis Hatfield and her colessors and their attorney, both before and after the execution is issued and placed in the hands of the sheriff for execution, will obviate such complaint. Section 1652, Ky. Statutes, places upon the plaintiff in the execution the liability for any damage arising from the causing an execution to issue under the provisions of the statute authorizing and controlling the sale of property under executions. Therefore the statute leaves it to the recovering plaintiff to direct the issuance of the execution on the judgment in his favor, and to what county it shall be directed, and, if he desires to release from the levy or postpone the sale of any property levied on for the purpose of paying his judgment, a codefendant is without right to direct the sheriff to the contrary. If he is wronged by the action of the plaintiff in directing the sheriff to release the execution lien, or to post-

828

pone the sale, his remedy is not to assume the authority of the execution plaintiff in the direction of what shall be done by the sheriff in whose hands the execution is placed.

The judgment of the circuit court is in harmony with our views. Therefore it is affirmed.